IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MICHAEL SABATINO,

    Plaintiff,

  v.

                                Case No. 2:15-cv-2432
                                Judge Graham
                                Magistrate Judge King

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff John Michael Sabatino seeks review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. This matter is now before the Court on plaintiff's *Statement of Errors*, ECF 7, and on the Commissioner's *Memorandum in Opposition*, ECF 10.

**Background**

Plaintiff filed his application for benefits on January 27, 2012, alleging that he has been disabled since April 1, 2009. *PAGEID 54, 227.* The application was denied initially and on reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

On November 14, 2013, plaintiff, represented by a non-attorney, testified at the administrative hearing, as did Larry Ostrowski,

1

Ph.D., who testified as a vocational expert.  In a decision issued on February 21, 2014, the administrative law judge concluded that plaintiff was not disabled at any time between plaintiff's alleged date of onset of disability and the date of the administrative decision. That decision became the final decision of the Commissioner of Social Security when the Appeals Council denied review on June 18, 2014. *PAGEID* 23.

Plaintiff was 56 years of age on his alleged disability onset date.  He has at least a high school education, is able to communicate in English, and has not engaged in substantial gainful employment since his alleged onset date. He was last insured for disability insurance purposes on December 31, 2014. *PAGEID* 56, 69.

**Evidence of Record**

**Medical Evidence**[1]

Plaintiff was diagnosed with ulcerative colitis in 1981. *See PAGEID* 369. He underwent a total colectomy and ileoanal pull through and, since that time, has had difficulty with periodic anal stenosis and pouchitis. *Id*. J. Thomas Dorsey, III, M.D., a Board-certified internist and gastroenterologist, has treated plaintiff since December 2002. *Id*. Plaintiff reported at that time that he had 8-10 loose stools per day and experienced episodic abdominal pain. *Id.* Dr. Dorsey's reports following plaintiff's yearly follow-up appointments include the notations that plaintiff has "no abdominal pain," and that the condition is "under good control," *PAGEID* 368 (December 2003),

---

[1] The issues presented to this Court relate only to plaintiff's ulcerative colitis.  The Court's consideration of the evidence will therefore be limited to those issues.

2

that plaintiff's "occasional abdominal cramping pain [is] well controlled" with medication, *PAGEID* 366 (December 2004), that he is having 6-8 bowel movements per day and that medication controls his pouchitis, *PAGEID* 365 (December 2005). In March 2007, Dr. Dorsey reported that plaintiff's ulcerative colitis was "under good control" and that plaintiff had had no difficulty with pouchitis and "no abdominal pain." *PAGEID* 364 (March 2007). In January 2010, Dr. Dorsey reported recent complaints of "tenesmus and some lower quadrant abdominal pain consistent with his prior episodes of pouchitis." *PAGEID* 363 (January 2010). In March 4, 2013, Dr. Dorsey opined, *inter alia*, that plaintiff could sit for a total of 2 hours and stand/walk for a total of 5 hours in an 8-hour workday, *PAGEID* 417, and would require access to a bathroom 8-10 times per day, with 2 minutes' notice and would require 5-10 minute away from his workstation per bathroom break. *PAGEID* 419.

**Plaintiff's Testimony**

Plaintiff testified that he suffers from colitis. He experiences a lot of cramping on some days, and a "little" cramping on other days *PAGEID* 81. He uses the bathroom at least 8 to 10 times in "a 24 hour day," more on some days, but "usually never less." *Id*. He frequently needs to use the bathroom twice within 10 minutes, because he has difficulty emptying his bowels completely. *Id*. He is normally in the bathroom for five to ten minutes at a time. *PAGEID* 82. He experiences cramping "a few times a week," although the cramping usually subsides when he goes to the bathroom. *PAGEID* 83. His medications have not

3

eliminated his symptoms, *PAGEID* 86, but they have no side effects. *Id*. He has difficulty sleeping because of cramping and needing to use the bathroom at night. *PAGEID* 84. As a consequence, he is tired during the day, and naps for 45 minutes to 2 hours. *PAGEID* 84-85. His colitis does not affect how long he can stand, walk or lift. *PAGEID* 84. However, wherever he goes, he must know the location of a bathroom. *PAGEID* 81, 84.

Plaintiff worked at his last job in a steel mill while he suffered from colitis. He had to use the bathroom 8 to 10 times per day, but could either walk to a bathroom or use a golf cart to get to a bathroom. *PAGEID* 90-91.

### **Vocational Testimony**

The vocational expert classified plaintiff's past employment as a truckload checker as light and semi-skilled. *PAGEID* 92. Asked to assume a claimant with plaintiff's vocational profile and the residual functional capacity ("RFC") found by the administrative law judge, the vocational expert testified that such a claimant could perform plaintiff's past work as a truckload checker. *PAGEID* 94. Alternatively, the vocational expert testified that such a claimant could perform other jobs that exist in significant numbers in the national economy. *PAGEID* 93-94. On examination by plaintiff's counsel, however, the vocational expert also testified as follows:

> Q. . . . Now if I understand this correctly what you're telling me is an employer doesn't mind if someone leaves their workstation for five to 10 minutes every one to two hours is that right?
>
> A. In these particular jobs that is correct.

4

```
***

Q.    And so if you're leaving your workstation every hour
or so – well, not – every two hours or so, what would
employers think about that when you're in your 90 – 60 to
90 day probationary period?

A.    Well, as long as the individual produces at, you know,
levels required by the employer that – and the person's not
off task long enough to interfere with productivity the
employer[] actually would be almost required not to
discriminate against an individual who had such an issue.

Q.    So you're saying the employer would have to let him go
to the bathroom due to discrimination laws, for people with
disabilities?

A.    Yes, it would be viewed as a disabling condition and
employers are reluctant to discriminate against individuals
with disabling conditions. And they're more or less
required to accommodate individuals until it gets to the
point where the individual just cannot – the condition
interferes with their productivity.
```

*PAGEID* 95-96.

**Administrative Decision**

The administrative law judge found that plaintiff has the following severe impairments: "history of ulcerative colitis, status post colectomy and ileal pouch, with recurrent pouchitis/proctitis; intermittent chronic diarrhea; and history of torn right biceps tendon, status-post surgical repair." *PAGEID* 56. None of plaintiff's severe impairment meet or equal a listed impairment. *PAGEID* 58-59. In considering the credibility of plaintiff's subjective symptoms, the administrative law judge found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the

5

intensity, persistence and limiting effects of these symptoms are not entirely credible. . . ." *PAGEID* 67. The administrative law judge found that plaintiff has the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) except that he should never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to temperature extremes, wet or humid conditions, environmental pollutants or hazards. The claimant would require reasonably ready access to a bathroom, and would require about three unscheduled bathroom breaks per day, each lasting five to ten minutes.

*PAGEID* 59. The administrative law judge went on to find that this RFC permitted plaintiff to perform his past relevant work as a truckload checker. Alternatively, and relying on the testimony of the vocational expert, the administrative law judge found that this RFC permitted the performance of other jobs that exist in significant numbers in the national economy, including such representative jobs as dining room attendant, kitchen helper, hand packer, office helper, marker, and mail clerk. *PAGEID* 69-70. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 70.

**Standard and Plaintiff's Claims**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of

6

evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff contends that the administrative law judge failed to properly evaluate the opinion of plaintiff's treating gastroenterologist, Dr. Dorsey, that the administrative law judge's credibility determination is not supported by substantial evidence, and that the administrative law judge relied on flawed vocational expert testimony.

**Treating Medical Source Opinion**

In his March 4, 2013 report, Dr. Dorsey opined, *inter alia*, that plaintiff could sit for a total of 2 hours and stand/walk for a total of 5 hours in an 8-hour workday, *PAGEID* 417, and would require access

7

to a bathroom 8-10 times per day, with 2 minutes' notice and would require 5-10 minutes away from his workstation per bathroom break, *PAGEID* 419. The administrative law judge construed this opinion as indicating that plaintiff needed to use the bathroom 8-10 minutes throughout a 24-hour day, not throughout an 8-hour workday. *PAGEID* 66. The administrative law judge also accorded "significant weight" to Dr. Dorsey's opinion, but found that the exertional limitations imposed by Dr. Dorsey were unsupported by the objection medical evidence. "Therefore, the undersigned has not given any weight to his opinion in this regard." *Id.*

Generally, "the opinions of treating physicians are entitled to controlling weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007), citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997).  However, '[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'"  *Blakley*, 582 F.3d at 406*, quoting,* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996).  In *Wilson*, 378 F.3d at 546, the Sixth Circuit noted that a treating physician's opinion can be discounted if: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20

8

C.F.R. § 404.1527(d)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

Finally, the Commissioner reserves the power to decide certain issues, such as a claimant's residual functional capacity. 20 C.F.R. § 404.1527(e). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s)," opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(e); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Plaintiff contends, first, that the administrative law judge misconstrued Dr. Dorsey's opinion; in particular, plaintiff takes the position that Dr. Dorsey indicated that plaintiff must use a bathroom 8-10 times throughout an 8-hour workday, and not throughout a 24-hour day.

The administrative law judge was not unreasonable in construing Dr. Dorsey's opinion as indicating that plaintiff needed to use the bathroom 8-10 times throughout a 24-hour day. The administrative law judge explained his reasoning in this regard as follows:

> The claimant submitted a "Bathroom Log" of his daily visits to the bathroom on December 2, 2013. These ranged from a low of five visits per day to as many as 14 visits per day, but on most days, he seemed to require eight to nine visits.
>
> \*\*\*
>
> As these breaks take place during a 24-hour period, it is reasonable to expect that the claimant would require

9

>     approximately three bathroom breaks during an eight-hour
>     working day.  This figure is supported by the claimant's
>     Bathroom Log.

*PAGEID* 66.[2] Moreover, plaintiff testified at the administrative hearing that he ordinarily uses the bathroom at least 8 to 10 times *in "a 24 hour day." PAGEID* 81 (emphasis added).  There is substantial support in the record for the administrative law judge's finding in this regard and in his interpretation of Dr. Dorsey's opinion.

Plaintiff also contends that the administrative law judge should have accorded controlling weight to Dr. Dorsey's opinion. As noted supra, the administrative law judge accorded "significant," but not controlling, weight to that opinion.  Specifically, the administrative law judge gave no weight to Dr. Dorsey's opinion that plaintiff would be limited in his ability to sit, stand and walk. *PAGEID* 66. "Dr. Dorsey indicated that claimant was not affected by significant pain, and did not suffer from any significant fatigue or other symptoms that might affect his ability to sit, stand or walk." *Id.* Moreover, plaintiff himself testified at the administrative hearing that his colitis does not affect how long he can stand, walk or lift. *PAGEID* 84.

In short, plaintiff's contention in this regard is without merit.

### **Credibility Determination**

In evaluating plaintiff's subjective complaints, the administrative law judge found as follows:

>     The undersigned finds that the claimant is only partially
>     credible. While he has medically determinable impairments

---

[2] Plaintiff's bathroom logs appear at *PAGEID* 261-310 (several pages are illegible), and at *PAGEID* 312-314.

10

> that could reasonably be expected to produce symptoms, his testimony and statements describing the duration, frequency, intensity and other information on the symptoms are not consistent with the objective evidence of record.
>
> \*\*\*
>
> The undersigned notes that the objective medical evidence supports the claimant's testimony that he requires an average of eight to ten bathroom visits per day. However, there is no indication in the medical evidence that the claimant has complained of not being able to empty his pouch completely and having to return to the bathroom. . . .
>
> The undersigned notes further that the claimant was diagnosed with ulcerative colitis in 1981, and so he worked for many years with this condition. In fact, he testified at the hearing that he required frequent bathroom breaks when working, and he quit work because the employer went out of business, not because of his ulcerative colitis or any other impairment. The claimant testified that he had bad stomach cramps a couple of times per week, but the medical evidence shows that these cramps are well controlled by medication. On March 4, 2013, Dr. Dorsey indicated that the claimant did not have any type of pain associated with his diagnosis, and was not significantly limited because of pain, fatigue or other symptoms.

*PAGEID* 67 (internal citations to the record omitted).

A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). *See also* 42 U.S.C. § 423(d)(5)(A). In evaluating subjective complaints, it must be determined whether there is objective medical evidence of an underlying medical condition. *Stanley v. Sec' of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). If so, then the evaluator must determine (1) whether objective medical evidence confirms the severity of the complaint arising from

the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged complaint. *Id.*; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating a claimant's credibility, an administrative law judge should consider the objective medical evidence and the following factors:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7, 1996 WL 374186 (July 2, 1996). The administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness's demeanor while testifying. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)). However, credibility determinations must be clearly explained. *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). If the administrative law judge's credibility determinations are explained and enjoy substantial support

in the record, a court is without authority to revisit those determinations. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

Plaintiff contends that the administrative law judge erred in finding that the record does not document problems emptying his bowels, that plaintiff stopped working for conditions unrelated to his medical impairments, and that plaintiff's medications help with his pain and cramping.

Although the record at one point indicates that plaintiff stopped working because of his medical condition, PAGEID 227, the record also indicates that he stopped working because "the whole plant shut down." PAGEID 405. Plaintiff himself testified that he worked for many years with ulcerative colitis and its associated need for frequent bathroom breaks. PAGEID 90 91. There is substantial support in the record for the administrative law judge's finding in this regard.

There is also substantial support for the administrative law judge's finding that plaintiff's pain and cramping are well controlled by medication. Plaintiff testified that, although he experiences pain and cramping "a few times a week," the cramping usually subsides when he goes to the bathroom. PAGEID 83. Moreover, as the administrative law judge observed, Dr. Dorsey's March 4, 2013 opinion did not include pain among plaintiff's symptoms, *see, e.g.,* PAGEID 415, 416, 417, and Dr. Dorsey's treatment notes includes many reports of no or minimal pain controlled by medication. *See, e.g.,* PAGEID 368 ("no abdominal

13

pain;" condition is "under good control"), *PAGEID* 366 ("occasional abdominal cramping pain [is] well controlled" with medication), *PAGEID* 364 ("no abdominal pain"). The administrative law judge did not err in making this credibility finding.

The administrative law judge also found that there is no medical evidence that plaintiff "has complained of not being able to empty his pouch completely." *PAGEID* 67. As plaintiff points outs, and as the Commissioner concedes, *Memorandum in Opposition, PAGEID* 480, the record does include one reference, in January 2010, to "tenesmus." *PAGEID* 363. Dr. Dorsey increased plaintiff's medications at that time and the record reflects no further references to the condition in subsequent office visits. *See PAGEID* 361-62.

The credibility determination of an administrative law judge will be upheld, notwithstanding the fact that the determination is based partially on invalid reasons, so long as substantial evidence remains to support that determination. *Ulman v. Commissioner of Social Sec.*, 693 F.3d 709, 714 (6th Cir. 2012)("[T]he ALJ cited 'substantial evidence' to support his conclusions regarding claimant's credibility even if we discount his reliance upon" an erroneous factual finding). In the case presently before the Court, the administrative law judge cited substantial evidence to support his credibility determination, notwithstanding the fact that he overlooked a single reference to tenesmus. In any event, it is not apparent how the administrative law judge's oversight in this regard prejudiced plaintiff in light of the fact that the administrative law judge largely credited plaintiff's

14

own testimony regarding the frequency with which he required bathroom breaks.

Under all these circumstances, then, the Court does not – indeed cannot – second guess the administrative law judge's credibility determination.

**Vocational Expert Testimony**

Finally, plaintiff argues that the administrative law judge erred in relying on the testimony of the vocational expert. As noted *supra*, the vocational expert testified at one point that plaintiff's colitis "would be viewed as a disabling condition and employers are . . . more or less required to accommodate individuals until it gets to the point where . . . the condition interferes with their productivity." *PAGEID* 96. Plaintiff contends that it was error to consider jobs the performance of which "would require an accommodation by the employer under the Americans with Disabilities Act . . . ." *Statement of Errors*, *PAGEID* 459.

The parties agree that the United States Court of Appeals for the Sixth Circuit has not yet addressed this precise issue. *Id.*; *Memorandum in Opposition*, *PAGEID* 482. This Court concludes that it need not address this issue in light of the finding by the administrative law judge that plaintiff's impairments and RFC would permit him to perform his past relevant work. Moreover, this finding is amply supported by the record.  Plaintiff himself testified that he successfully performed his job as a truckload checker for many years notwithstanding his severe ulcerative colitis and its attendant

15

complications and there is support in the record that plaintiff's job ended, not because of his medical condition, but because his work place closed. This finding supports a conclusion of non-disability without the alternative consideration of whether plaintiff could perform other jobs in the competitive market without a special accommodation.

In short, and having carefully considered the record, the Court concludes that the decision of the Commissioner enjoys substantial support and must, therefore, be affirmed.

It is therefore **RECOMMENDED** that the decision of the Commissioner be affirmed and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that

"failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

June 30, 2015                               *s/   Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge