```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

John Michael Sabatino,

       Plaintiff,

    v.                               Case No. 2:15-cv-2432

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

       Defendant.

<u>ORDER</u>

      Plaintiff John Michael Sabatino brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits. In a decision issued on February 21, 2014, the administrative law judge ("ALJ") determined that plaintiff had severe impairments consisting of a history of ulcerative colitis, status post colectomy and ileal pouch, with recurrent pouchitis/proctitis; intermittent chronic diarrhea; and a history of torn right biceps tendon, status post surgical repair. PAGEID 56. The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform medium work, except that: he should never climb ladders, ropes or scaffolds; he should avoid concentrated exposure to temperature extremes, wet or humid conditions, and environmental pollutants or hazards; and he would require reasonably ready access to a bathroom, with about three unscheduled bathroom breaks per day, each lasting five to ten minutes. PAGEID 59. The ALJ found that plaintiff is capable of performing his past relevant work as a truckload checker and is not

disabled.  PAGEID 68.  In the alternative, the ALJ also found that there are other jobs existing in the national economy that plaintiff is able to perform.  PAGEID 69-70.

This matter is before the court for consideration of plaintiff's July 17, 2015, objections to the June 30, 2015, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v.*

*Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. ALJ's Interpretation of Dr. Dorsey's Opinion

Plaintiff objects to the ALJ's interpretation of the gastrointestinal disorders impairment questionnaire completed on March 4, 2013, by Dr. J. Thomas Dorsey, III, M.D., plaintiff's internist and gastroenterologist. Dr. Dorsey indicated that plaintiff would need a job that permits ready access to a restroom. PAGEID 418. In response to the question "How often do you think this will happen?", Dr. Dorsey wrote "8-10 times/day." PAGEID 418. The ALJ concluded that "8-10 times/day" meant eight to ten restroom visits in a twenty-four-hour period. PAGEID 66. Plaintiff argues that the ALJ should have interpreted the phrase "8-10 times/day" as meaning eight to ten times in an eight-hour work day. If plaintiff's interpretation is correct, this would mean, by extrapolation, that he would need to use the bathroom between twenty-four and thirty times in a twenty-four-hour period. Plaintiff points to no evidence in the record which would support such a finding; in fact, the record supports the ALJ's interpretation. Dr. Dorsey's treatment records, as summarized by the ALJ in his decision, show: on December 4, 2002, plaintiff reported that he had eight to ten loose stools daily; on December 8, 2004, plaintiff told Dr. Dorsey that he had six to eight bowel movements daily; on March 13, 2007, and January 21, 2010, plaintiff stated that he had six to eight formed stools per day; on February 20, 2012, plaintiff reported that he had gone from having sixteen stools per day to eight to ten per day after being placed back on Flagyl. PAGEID 61-63.

3

The ALJ also relied on plaintiff's testimony at the hearing that he had to use the bathroom eight to ten times per day. PAGEID 67, 81. When asked by the ALJ if he meant a twenty-four-hour day, plaintiff responded, "Yes." PAGEID 81. The ALJ further relied on Exhibits 8E and 9E, which consist of logs kept by plaintiff of his visits to the bathroom each twenty-four-hour period for approximately a year, ending on December 16, 2013. PAGEID 66. The ALJ correctly observed that although these logs indicated daily bathroom visits from as low as five visits per day to as many as fourteen visits per day, eight to nine visits were required on most days. PAGEID 66. The logs support the ALJ's finding that plaintiff would require approximately three bathroom breaks during an eight-hour work day. *See* PAGEID 66. The magistrate judge correctly concluded that the ALJ's finding that plaintiff required approximately three bathroom breaks during an eight-hour work day was substantially supported by the record. *See* Doc. 12, p. 10.

B. Determination of Plaintiff's Credibility

Plaintiff argues that the ALJ erred in assessing his credibility. An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the

4

subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).

The ALJ found that plaintiff's testimony was only partially credible, and that plaintiff's testimony concerning the duration, frequency, and intensity of his symptoms was not entirely consistent with the objective evidence of record. PAGEID 67. Plaintiff argues that the ALJ improperly considered his previous work history in weighing his credibility concerning the disabling effects of his ulcerative colitis. The ALJ noted that plaintiff was diagnosed with ulcerative colitis in 1981 and underwent a total colectomy and J Pouch in 1989, but that he worked for twenty more years with this condition, even though he required frequent bathroom breaks. PAGEID 61, 67. Although there was one reference in the record that plaintiff stopped working because of his medical condition, *see* PAGEID 227, plaintiff testified at the hearing that he stopped working in 2009 because his employer went out of business. PAGEID 67. The ALJ properly considered this evidence in concluding that plaintiff's ulcerative colitis would not prevent plaintiff from performing his past relevant work.

The ALJ found that plaintiff's testimony about requiring an average of eight to ten bathroom visits per day was supported by the objective medical evidence. However, plaintiff argues that the ALJ then erroneously stated that "there is no indication in the medical evidence that the claimant has complained of not being able to empty his pouch completely and having to return to the bathroom." PAGEID 67. The magistrate judge observed that there was one reference in a January, 2010, record of Dr. Dorsey to

5

"tenesmus," *see* Doc. 12, p. 14, citing PAGEID 363. The ALJ was also aware of this January 21, 2010, record of Dr. Dorsey. *See* PAGEID 62 (noting that plaintiff "stated that he had recently had tenesmus"). "Tenesmus" is defined as "straining, especially ineffectual and painful straining at stool." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1316 (26th ed. 1981). It is not entirely clear whether the "tenesmus" noted in the January, 2010, record is the same condition described in plaintiff's hearing testimony as the inability to empty everything from his pouch while in the bathroom the first time. *See* PAGEID 81. However, even assuming that "tenesmus" is the same condition, the court agrees with the magistrate judge's conclusion that any error in this regard did not prejudice plaintiff, particularly in light of the fact that the ALJ largely credited plaintiff's testimony regarding the frequency of his required bathroom breaks. *See* Doc. 12, pp. 14-15. In addition, there is no recent objective medical evidence which supports plaintiff's hearing testimony on November 14, 2013, that he was at that time experiencing problems with emptying his pouch. As the magistrate judge noted, Dr. Dorsey increased plaintiff's medications at the January, 2010, visit, and no further reference to "tenesmus" was made in the records of subsequent office visits. Doc. 12, p. 14.

Plaintiff also argues that the ALJ erred in discrediting his complaints of abdominal pain. The ALJ noted that although plaintiff testified that he had bad stomach cramps twice a week, Dr. Dorsey did not indicate on the March 4, 2013, gastrointestinal disorders impairment questionnaire that plaintiff had any pain associated with his diagnosis. PAGEID 67, 416. When asked to

6

identify positive clinical findings, Dr. Dorsey also did not check the box on the form for abdominal pain and cramps. PAGEID 415. The ALJ correctly observed that the medical evidence showed that plaintiff's cramps are well controlled by medication. PAGEID 67. As the magistrate judge noted, Dr. Dorsey's treatment notes include many reports of no pain or minimal pain controlled by medication. Doc. 12, pp. 13-14 (citing PAGEID 368, 364, 366). Plaintiff argues that the fact that his pain is controlled with medication does not take into account his need to use the restroom eight to ten times during a work day. However, as indicated above, the ALJ's finding that plaintiff had to use a bathroom eight to ten times during a *twenty-four-hour period*, not an eight-hour work day as argued by plaintiff, was supported by substantial evidence. This court concludes that the credibility determination of the administrative law judge is supported by substantial evidence in the record.

C. Vocational Expert Testimony

    Plaintiff contends that the ALJ erred in considering the testimony of the vocational expert in deciding that plaintiff was capable of performing his relevant past work and other jobs in the national economy. In response to questions from plaintiff's counsel, the vocational expert testified that employers would be required to accommodate individuals with a condition such as ulcerative colitis which required bathroom use. PAGEID 96. Plaintiff now argues that it was error for the ALJ to consider whether plaintiff could perform any jobs which would require an accommodation for bathroom use by the employer under the Americans with Disabilities Act ("ADA"), as social security law does not take the possibility of "reasonable accommodation" into account in determining whether there are jobs which a claimant can perform.

*See Harris v. Colvin*, No. 3:12CV2302, 2013 WL 4517866 at *14 (N.D.Ohio Aug. 21, 2013).

The court agrees with the magistrate judge that it is not necessary to address plaintiff's ADA argument because the ALJ determined that plaintiff's impairments and RFC would permit him to perform his past relevant work as a truckload checker. Doc. 12, p. 15. At the fourth step of the five-step process for determining disability set forth in 20 C.F.R. §404.1520, the ALJ considers the claimant's residual functional capacity and the claimant's past relevant work. 20 C.F.R. §404.1520(a)(4)(iv). If the claimant can still do his past relevant work, the ALJ will find that the claimant is not disabled. §404.1520(a)(4)(iv); *see also* 20 C.F.R. §404.1520(f)("if you can still do this kind of [past relevant] work, we will find that you are not disabled."). Although the ALJ proceeded, in the alternative, to the fifth step and addressed whether there were other jobs in the national economy which plaintiff could perform, he was not required to do so. *See* 20 C.F.R. §404.1520(a)(4)("If we can find that you are ... not disabled at a step, we make our determination or decision and we do not go on to the next step.").

The magistrate judge correctly concluded that the ALJ's decision that plaintiff was capable of performing his past relevant work was supported by substantial evidence. Plaintiff worked as a truckload checker from January 1971 to April 2009 on a full-time basis, even after his total colectomy in 1989. PAGEID 61, 68. The ALJ found that this past employment was performed at a light exertional level, did not require the climbing of ladders, ropes or scaffolds or concentrated exposure to temperature extremes, wet or

8

humid conditions or environmental pollutants, and allowed for reasonably ready access to a bathroom. PAGEID 68. There is no evidence that plaintiff required any kind of special accommodation from his employer for bathroom use in performing his previous job. The ALJ noted the vocational expert's testimony that bathroom breaks of this amount and duration would not require plaintiff to be off-task for more than ten percent of an eight-hour day, and therefore would not preclude him from performing his past work at the required levels of productivity. PAGEID 66, PAGEID 94. The ALJ observed that "[t]he issue of reasonable accommodation was not taken into account in making this determination." PAGEID 66-67.

Although plaintiff argues that the ALJ erred in concluding that he was capable of performing his relevant past work without considering that his condition had deteriorated over time, he points to no evidence in the record which indicates that his ulcerative colitis has worsened since he performed his past work. In fact, Dr. Dorsey indicated on the March 4, 2013, gastrointestinal disorders impairment questionnaire that plaintiff's prognosis was good, and that he only saw plaintiff yearly. PAGEID 414. This objection is not well taken.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 13), and adopts and affirms the magistrate judge's report and recommendation (Doc. 12). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in favor of the Commissioner in this case.

It is so ordered.

Date: August 11, 2015                    s/James L. Graham
                                        James L. Graham
                                        United States District Judge